PER CURIAM.
Javonty Paris appeals the order denying his Florida Rule of Criminal Procedure 3.850 motion to withdraw plea and vacate sentence. On appeal, he raises two arguments as to why he should be allowed to withdraw his nolo contendere plea, only one of which merits discussion.
Paris alleges that his trial counsel was ineffective because she failed to advise him of the clear immigration consequences of the plea. He claims that, if counsel had informed him that the plea would likely subject him to deportation, he would have proceeded to trial or attempted to negotiate a better plea. The Supreme Court has established that defense counsel’s failure to give legal advice regarding deportation consequences of a plea can constitute ineffective assistance. See Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). Here, the record does not conclusively refute Paris’s allegation of ineffective assistance of counsel. Therefore, we remand for the trial court to either attach portions of the record conclusively refuting Paris’s allegation that his counsel was ineffective or hold an eviden-tiary hearing on the issue.
REMANDED WITH . INSTRUCTIONS.
TORPY, C.J., ORFINGER and COHEN, JJ., concur.